UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JORGE ALBERTO PENA-GARCIA                                                    PETITIONER

V.                                                          CIVIL ACTION NO. 3:25-CV-152-DPJ-ASH

WARDEN UNKNOWN CHILDRESS                                                    RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Jorge Alberto Pena-Garcia, a federal prisoner presently housed at the Federal Correctional Complex in Yazoo City, Mississippi, filed this petition for a writ of mandamus under 28 U.S.C. § 1361 on March 3, 2025.[1] He asks the Court to order the Bureau of Prisons to immediately release him. As explained below, the undersigned recommends his petition be denied.

I.      Facts and Procedural History

On August 16, 2016, the United States District Court for the Southern District of Texas sentenced Pena-Garcia to serve 144 months with the Bureau of Prisons following his guilty plea to a charge of possession with intent to distribute methamphetamine. Pena-Garcia has a projected release date of November 11, 2025. He believes the BOP has wrongfully withheld sentencing credits he earned under the First Step Act that would have entitled him to release on November 11, 2024. Respondent opposes Pena-Garcia's petition.

---

[1] Pena-Garcia's petition actually references 28 U.S.C. § 1651, the All Writs Act. Pet. [1] at 1 (seeking "writ of mandamus pursuant to 28 U.S.C. § 1651" (capitalization altered)). But the "All Writs Act . . . does not provide an independent basis for mandamus jurisdiction." *Neuman v. Blackwell*, 204 F. App'x 348, 349 (5th Cir. 2006). So the Court construes his petition as arising under the Mandamus Act, which does provide a basis for jurisdiction.

II.   Analysis

Title 28 U.S.C. § 1361 grants the district courts "original jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). Pena-Garcia's petition fails on all three requirements.

First, Pena-Garcia does not have a clear right to relief, and the BOP does not have a clear duty to act. Pena-Garcia wants the BOP to "transfer [him] to begin [his] term of supervised release at an earlier date, not to exceed 12 months, based on the application of [First Step Act] time credits under [18 U.S.C. §] 3632." 18 U.S.C. § 3624(g)(3). But § 3632(d)(4)(E)(i) provides that a prisoner who "is the subject of a final order of removal under any provision of the immigration laws" "is ineligible to apply time credits under [§ 3632(d)(4)(C)]." On February 25, 2010, an immigration judge ordered that Pena-Garcia "be removed from the United States."[2]

---

[2] Respondent states, without citation to any evidence, that the 2010 removal order "was reinstated" pursuant to 8 U.S.C. § 1231(a)(5) on April 11, 2025. Resp. [8] at 2; *see* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."). But the documents Pena-Garcia submitted suggest that the final order of removal was brought to the BOP's attention on February 10, 2025. Pet'r Supporting Docs. [1-1] at 3. Regardless, Pena-Garcia offers no authority suggesting that the timing of the BOP's knowledge of the final order of removal alters the analysis under § 3632(d)(4)(E)(i). Nor does he show that he was entitled to a further immigration hearing under 8 U.S.C. § 1228(a) "as early as practicable during [his] incarceration." 18 U.S.C. § 3632(d)(4)(E)(ii); *see Cazarez v. Warden, FCI Ft. Dix*, No. 23-4457, 2023 WL 5623035, at *1 (D.N.J. Aug. 31, 2023) (concluding that § 3632(d)(4)(E)(ii) "does not apply to aliens who are subject to the reinstated order of removal provisions of 8 U.S.C. § 1231(a)(5)").

2

Landers Decl. [8-1] Attach. C. Pena-Garcia is therefore statutorily ineligible to apply FSA time credits to obtain early release to supervision, so the BOP may not award him those credits.

Even if the first two requirements for mandamus relief were met, Pena-Garcia cannot show the absence of an adequate remedy because "an established remedial scheme exists—exhausting available administrative remedies within the [BOP] and, if necessary, seeking habeas relief under 28 U.S.C. § 2241." *Broadfield v. Garland*, No. 3:22-CV-301, 2022 WL 1651460, at *3 (N.D. Tex. Feb. 9, 2022), *report and recommendation adopted*, 2022 WL 1642468 (N.D. Tex. May 24, 2022). In sum, Pena-Garcia has established none of the requirements for obtaining mandamus relief.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Pena-Garcia's petition for mandamus be denied without prejudice to his ability to pursue the alternative remedies available to him.

IV.   Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions,

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 12th day of September, 2025.

                                          s/ *Andrew S. Harris*
                                          UNITED STATES MAGISTRATE JUDGE